UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMBIBE COLLINS,<br>    Plaintiff(s),<br>v.<br>J. REPP, et al.,<br>    Defendant(s). | Case No. 2:24-cv-00676-GMN-NJK<br>**Order**<br>[Docket No. 27] |

Pending before the Court is a stipulation to revive and extend case management deadlines by 180 days. Docket No. 27. The Court held a hearing on August 12, 2025. Docket No. 29. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part the stipulation.

**I.    BACKGROUND**

This is a prisoner civil rights case concerning excessive force, inadequate medical care, and deliberate indifference to medical needs. *See* Docket No. 11 (screening order). On March 14, 2025, the Court issued a scheduling order setting an initial expert disclosure deadline of May 9, 2025, and a discovery cutoff of July 8, 2025. Docket No. 23. The initial expert disclosure deadline has never been extended, so it expired on May 9, 2025.

On June 16, 2025, the parties filed a stipulation to extend the discovery cutoff by 120 days. Docket No. 24. That stipulation represented that, *inter alia*, defense counsel was "out of the office on leave related to a family emergency from March 27-April 3, 2025. Defendant's [sic] counsel will be further out of the state from June 20-June 28, 2025." *Id.* at 3. The Court determined that sufficient circumstances were not shown for the lengthy extension sought, but allowed a 40-day extension based on the circumstances and as a courtesy to counsel. Docket No. 25 at 2. The Court reset the discovery cutoff for August 18, 2025. *Id.* The Court cautioned that "**[t]he parties must**

1

**take all reasonable steps to meet the deadlines as set herein, as the Court is not inclined to extend deadlines further.**" *Id.* (emphasis in original).

On July 31, 2025, a notice of appearance was filed by a new deputy attorney general. Docket No. 26. On August 7, 2025, the parties filed a stipulation to revive the expired expert disclosure deadlines and to extend the discovery cutoff by 150 days. Docket No. 27. That is the matter currently before the Court.

**II.    STANDARDS**

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). Given the importance of scheduling orders and the well-established expectation that they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("Federal Rule of Civil Procedure 16 is to be taken seriously").

---

[1] Such a request is also governed by Local Rule 26-3.

The Rule 16 good cause analysis for obtaining relief from the scheduling order turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

When a request to modify the scheduling order seeks relief as to already-expired deadlines, an additional showing of excusable neglect must be made. Local Rule 26-3; *see also Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017). The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.

"That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

## III.  ANALYSIS

### A.  EXPIRED DEADLINES

The stipulation seeks to revive the initial expert disclosure deadline that expired more than three months ago on May 9, 2025. *See* Docket No. 27 at 5.[2] The predicate for this request is that the State Defendants have a new deputy attorney general assigned to this case who, upon his appearance, realized that retaining experts would be warranted. *See, e.g.*, Docket No. 27 at 3, 5.

---

[2] To be clear, Plaintiff has no need to designate an initial expert as explained at the hearing. The request to reopen this long-expired deadline is sought solely so that Defendants may retain an expert.

3

Both in the stipulation and at the hearing, there are also representations that the other deputy attorney general assigned to this case was out on leave since early July. *See* Docket No. 27 at 3 n.1.[3]  Missing from the record is an explanation as to why the other deputy attorney general failed to take the steps to obtain an initial expert prior to the expiration of the subject deadline months ago or, relatedly, why the other deputy attorney general failed to seek an extension of that deadline before it expired.  The record before the Court is effectively that the other deputy attorney general dropped the ball and the new deputy attorney general is trying to fix that error.  While that scenario is no doubt unfortunate for newly-appearing counsel, the fact that the other attorney failed to comply with his discovery obligations is entirely antithetical to the required showing of diligence and is not a basis to modify the case management schedule.  *See, e.g.*, *Derosa v. Blood Sys., Inc.*, 2013 WL 3975764, at *2 (D. Nev. Aug. 1, 2013) (rejecting request to extend case management deadlines predicated on the representation that prior counsel was not diligent in pursuing discovery).  Accordingly, the request to revive the long-expired expert disclosure deadlines will be denied for lack of diligence.[4]

### B. UNEXPIRED DEADLINES

The stipulation also seeks an extension of the unexpired discovery cutoff to complete depositions. *See* Docket No. 27 at 2-3.  This request is predicated on the fact that the other deputy attorney general was not responsive in efforts to schedule depositions, as well as other circumstances that have hindered deposition scheduling despite diligent efforts by Plaintiff's counsel. *See, e.g.*, Docket No. 27 at 2-3.  The Court finds the circumstances show good cause for a two-month extension of the discovery cutoff so that depositions may be completed.

---

[3] As noted above, the record also includes reference to the other deputy attorney general having other, relatively short work absences.  Docket No. 24 at 3.

[4] Because good cause has not been shown to modify the expert disclosure deadlines, the Court need not opine on whether the additional showing of excusable neglect has been made. *Branch Banking*, 871 F.3d at 765 (finding that a lack of diligence necessary to show good cause is, "on its own," sufficient to deny motion to reopen expired deadlines).  The Court notes, however, that the defense has been unable to proffer any reason for the failure by the other deputy attorney general to obtain an expert by the established deadline or to seek an extension of that deadline before its expiration on May 9, 2025.  The failure to explain the reason for that delay is enough, standing alone, to find a lack of excusable neglect. *Branch Banking*, 871 F.3d at 765.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part the stipulation to revive and extend case management deadlines. Case management deadlines are **RESET** as follows:

- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: October 17, 2025
- Dispositive motions: November 17, 2025
- Joint proposed pretrial order: December 16, 2025, or 30 days after resolution of dispositive motions

**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

Dated: August 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge