# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ambibe Collins,<br>    Plaintiff(s),<br>v.<br>J. Repp, et al.,<br>    Defendant(s). | Case No. 2:24-cv-00676-GMN-NJK<br>**Order**<br>[Docket No. 31] |

Pending before the Court is a stipulation seeking four types of relief: (1) leave to depose prisoner Keith Knotek, (2) modification of the discovery cutoff to allow this deposition after its expiration, (3) stay of the case, and (4) referral to a settlement conference. Docket No. 31. Pursuant to Local Rule IC 2-2(b), the Court herein addresses only the relief related to the proposed deposition of Keith Knotek.

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2), (B). Hence, deciding whether to permit a prison deposition requires analysis of a number of considerations. *See, e.g.*, *Miller v. Clark Cnty., Nev.*, 2024 WL 3657285, at *1 (D. Nev. Jan. 2, 2024). In addition, courts do not generally order discovery if it implicates the current discovery cutoff and a basis for relief from that deadline has not been established. *See, e.g.*, *U.S. E.E.O.C. v. Pioneer Hotel, Inc.*, 2014 WL 5045109, at *1-2 (D. Nev. Oct. 9, 2014).

The instant stipulation fails on both fronts. First, the stipulation fails to explain how the identified prison deposition comports with Rule 26(b)(1) and (2).[1] Second, the Court set a firm discovery cutoff for October 17, 2025. Docket No. 30 at 5 ("**NO FURTHER EXTENSIONS**

---

[1] Particularly as it appears the instant deposition may involve a non-party, the Court does not find that the stipulated nature of this request obviates the requirement to meet the governing standard.

**WILL BE GRANTED**"); *see also* Docket No. 24 at 3 (earlier order warning that the Court was not inclined to allow further extensions, such that the parties were required to ensure that they took all reasonable steps to meet the deadlines as being set). Modifying a case management deadline requires a showing of good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022) ("That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines"). The instant stipulation fails to provide the information required by Local Rule 26-3(a) that informs the good cause analysis and, in fact, provides no argument of any kind as to how the governing good cause standard is met in the circumstances of this case.

    Accordingly, the pending stipulation is **DENIED** without prejudice.

    IT IS SO ORDERED.

    Dated: October 14, 2025

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge